FILED
U.S. District Court
District of Kansas

MAY - 5 2026

Clerk, U.S. District Court
By_____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**GAVIN ONUFFER,**

**Defendant.**

Case No. 25-10050-02-EFM

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Molly M. Gordon, and Gavin Onuffer, the defendant, personally and by and through his counsel, Mark Sevart, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.  **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 6 of the Superseding Indictment charging a violation of 18 U.S.C. § 2252A(a)(2), that is, Receipt of Child Pornography. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 6 of the Superseding Indictment to which he has agreed to plead guilty is not more than twenty (20) years nor less than five (5) years of imprisonment, a fine of up to $250,000.00, a term of supervised release of up to life and not less than five (5) years, a $100.00 mandatory special assessment, an assessment of up to $35,000.00 pursuant to the Amy Vicky and Andy Child Pornography Victim Assistance Act (AVAA), and restitution. The defendant further agrees to forfeit property to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> KIK made a cybertip to NCMEC concerning child pornography activity related to the IP address associated with the residence belonging to Gavin Onuffer and his wife and co-defendant, Addilynn Onuffer. Gavin Onuffer's phone was seized in the District of Kansas and searched pursuant to a search warrant. Gavin Onuffer's phone contained a password protected secure folder that contained child sex abuse materials. Specifically, there were files of prepubescent females subjected to sexual conduct. Gavin Onuffer knowingly received those images from his wife, Addilynn Onuffer, via Telegram on or about April 27, 2025. After knowingly receiving the child sex abuse materials from Addilynn Onuffer, Gavin Onuffer moved the images to the password protected folder on his phone.
>
> Gavin Onuffer admits to downloading and receiving videos and images depicting prepubescent children subjected to penetrative sex acts while in the District of Kansas. Gavin Onuffer used his Samsung telephone to download and receive the images and further used the internet, a facility of interstate commerce.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of

calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining count of the Superseding Indictment as to this defendant at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment

(c) to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance; and

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms,

3

the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: Samsung Galaxy S23 Ultra. The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Count 6. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate

the forfeiture and transfer of her interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a)     Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

> Clerk, U.S. District Court
> 401 N. Market, Room 204
> Wichita, Kansas 67202

(b)     Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c)     Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d)     Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e)     Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f)     Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of

its financial investigation of defendant may be provided to the United States Probation Office.

(g)     All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

(h)     Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i)     Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

(j)     If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

(k)     Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

(l)     Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 5, above.

9.     **Restitution.** The defendant acknowledges that his conduct involved the receipt, possession and access of child pornography images of numerous real individuals, who are victims in this case meaning they are individuals harmed as a result of a commission of a crime under Chapter 110 of Title 18. The defendant agrees to pay restitution in an amount of at least $3,000 per identified victim from his **entire collection** (to include victims who are not the subject of the charge in Count 6 of the Superseding Indictment but identified from the images on his devices, in his accounts, or as reported in the CyberTips associated with those accounts) that requests restitution prior to sentencing.

10. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **Payment of Assessments in Child Pornography Cases.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court may impose an additional assessment of not more than $35,000.00 per count for the defendant's conviction under Count 6 pursuant to the AVAA (18 U.S.C. 2259A(a)(1-3)). The defendant also understands that the imposition of an assessment under this section does not relieve him of (nor entitle him to reduce the amount of) any other penalty by the amount of the assessment. The parties agree they will argue their respective positions regarding the assessment in child pornography cases pursuant to 18 U.S.C. § 2259A(a)(2), but otherwise agree to be bound by the Court's determination within the statutory range.

13. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The

7

defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The

8

United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

18. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Molly Gordon
Assistant United States Attorney

Date: 5/5/26

Katie Andrusak
Assistant United States Attorney
Supervisor

Date: 5/5/26

Gavin Onuffer
Defendant

Date: 5/5/26

Mark Sevart
Counsel for defendant

Date: 5-5-26